## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,<br><br>     Plaintiffs,<br><br>     v.<br><br>QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;<br><br>QUINCY BIOSCIENCE, LLC, a limited liability company;<br><br>PREVAGEN, INC., a corporation d/b/a/ SUGAR RIVER SUPPLEMENTS;<br><br>QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company; and<br><br>MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.<br><br>     Defendants. | Misc. No.:<br><br>[S.D.N.Y Case No. 1:17-cv-00124-LLS]<br><br><br>**DECLARATION OF MICHELLE RUSK IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 45** |

  I, Michelle Rusk, certify and declare as follows:

  1. I am an attorney employed by and representing the Federal Trade Commission ("FTC") in this case. My business address is 600 Pennsylvania Ave., N.W., CC-10528, Washington, D.C., 20580. The facts set forth herein are based on my personal knowledge or information made known to me in the course of my official duties, and if called as a witness I could competently testify thereto.

2. I have attached hereto as Exhibit A a true and correct copy of the Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") filed by the FTC and the New York Attorney General's Office on January 9, 2017 in the United States District Court for the Southern District of New York against Defendants, Quincy Bioscience Holding Company, Inc. *et al*.

3. In 2011, Defendant Quincy Bioscience Holding Company, Inc. ("Defendant") completed a clinical trial known as the Madison Memory Study regarding its dietary supplement, Prevagen, and published a paper describing purported findings from the study in late 2015 or early 2016. In 2015, the FTC opened an investigation into the marketing of Prevagen and, through compulsory process, obtained data regarding the Madison Memory Study from Defendant.

4. After reviewing this information but before filing the Complaint, Plaintiffs raised concerns about the Madison Memory Study, objecting to Defendants' selective reliance, after the fact, on only two subgroups with purported favorable results. Plaintiffs pointed out that even these subgroup analyses appeared to contain statistical errors.

5. In response, and at Defendant's request, subpoena recipient Georgetown Economic Services, LLC, re-analyzed the data from the two subgroups. Counsel for Defendants shared the results of this re-analysis (the "GES Re-Analysis") with Plaintiffs by letter dated April 22, 2016.[1]

6. An employee for Quincy, Kenneth Lerner, subsequently authored a revised write-up of the Madison Memory Study to incorporate the GES Re-Analysis and published this revised

---

[1] The FTC is not attaching Defendants April 22, 2016 letter due to the sensitivity of some of its contents. The FTC would be happy to provide the document to the Court for *in camera* review at the Court's request.

version (the "Lerner Manuscript") on August 1, 2016, titled "Madison Memory Study: A Randomized, Double-Blinded, Placebo-Controlled Trial of Apoaequorin in Community-Dwelling Older Adults." On October 17, 2016, defense counsel attached the Lerner Manuscript to a letter addressed to the FTC's Director of the Bureau of Consumer Protection, Jessica Rich. The letter acknowledged that the GES Re-Analysis that Defendants' counsel shared with Plaintiffs on April 22, 2016 formed the basis for the Lerner Manuscript. Specifically, footnote 24 of the letter states:

> *See* Lerner, Madison Memory Study: A Randomized, Double-Blinded, Placebo-Controlled Trial of Apoaequorin in Community-Dwelling Older Adults (Aug. 1, 2016), *enclosed as* QB-002199 through QB-002208 (provided to Staff via email June 20, 2016). *This manuscript was based on a reanalysis of the data conducted on behalf of Quincy by Georgetown Economic Services*. We discussed the quantitative results of the reanalysis in a prior submission to Staff. See Letter from John E. Villafranco, Kelley Drye & Warren LLP, to Michelle Rusk, FTC, at 5 (April 22, 2016) (discussing the reanalysis and providing the underlying dataset at Exhibit D).[2]

(Emphasis added.)

7.  Defendants subsequently filed the Lerner Manuscript with the Southern District of New York in support of their Motion to Dismiss. Attached hereto as Exhibit B is a true and correct copy of the Declaration of Glenn Graham, with Exhibit 1 thereto, filed by Defendants on April 6, 2017 in conjunction with Defendants' Motion to Dismiss. The Declaration states that Exhibit 1 is a true and correct copy of the manuscript authored by Kenneth Lerner, titled, "Madison Memory Study: A Randomized, Double-Blinded, Placebo-Controlled Trial of Apoaequorin in Community-Dwelling Older Adults." Mr. Graham's declaration also states that

---

[2] The FTC is not attaching the October 17, 2016 letter due to the sensitivity of some of its contents. The FTC would be happy to provide the letter to the Court for *in camera* review at the Court's request.

3

this document was publicly available on Defendants' website, https://www.prevagen.com/research/. It is identical to the Lerner Manuscript produced to Plaintiffs as described in Paragraph 6 above and is based on the GES Re-Analysis described in Paragraph 5.

8. The Southern District of New York dismissed the case on September 28, 2017, but the Second Circuit vacated that dismissal and remanded the case on February 21, 2019.

9. Following remand and at Defendants' request, GES conducted a *different* re-analysis of the Madison Memory Study that purported to apply a Seemingly Unrelated Regressions (SUR) methodology to analyze the study data ("the GES SUR-Analysis"). Defendants provided the GES SUR-Analysis, entitled "Madison Memory Trial: An Expanded Analysis," to Plaintiffs on July 18, 2019. J. Howard Beales III of the George Washington School of Business, as well as Janet Liang Ph.D. and Robert N. Fenili Ph.D. of GES, authored the GES SUR-Analysis.[3]

10. I have attached hereto as Exhibit C a true and correct copy of the FTC's subpoena served on the registered agent of Georgetown Economic Services, LLC on December 11, 2019.

11. I have attached hereto as Exhibit D a true and correct copy of Non-Party Georgetown Economic Services, LLC's Objections and Responses to Federal Trade Commission's Subpoena to Produce Documents, Information, or Objects, served on the FTC on December 26, 2019.

12. Neither Georgetown Economic Services, LLC nor Defendants produced a privilege log or any other description of the nature of the withheld documents.

---

[3] The FTC is not attaching the July submission or the exhibits thereto due to the sensitivity of some of its contents. The FTC would be happy to provide the documents to the Court for *in camera* review at the Court's request.

13. The parties discussed the subpoena and GES's response on January 16, 2020. The parties conferred regarding the instant motion to compel on April 2, 2020.

14. The parties have been unable to resolve their differences regarding the GES documents. Defendants have indicated that they will oppose this motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Arlington, VA on April 10, 2020.

/s/ Michelle Rusk
MICHELLE RUSK
mrusk@ftc.gov; (202) 326-3148
Federal Trade Commission
600 Pennsylvania Ave., NW; Room CC-10528
Washington, DC 20580
Fax: (202) 326-3259
Attorney for Plaintiff
FEDERAL TRADE COMMISSION