**DECLARATION OF MICHELLE K. RUSK**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FEDERAL TRADE COMMISSION and

THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

        Plaintiffs,

        v.

QUINCY BIOSCIENCE HOLDING COMPANY, INC., a corporation;

QUINCY BIOSCIENCE, LLC, a limited liability company;

PREVAGEN, INC., a corporation d/b/a SUGAR RIVER SUPPLEMENTS;

QUINCY BIOSCIENCE MANUFACTURING, LLC, a limited liability company;

MARK UNDERWOOD, individually and as an officer of QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, and PREVAGEN, INC.; and

        Defendants.

Case No. 1:17-cv-00124-LLS

---

**DEFENDANTS QUINCY BIOSCIENCE HOLDING COMPANY, INC., QUINCY BIOSCIENCE, LLC, PREVAGEN, INC., AND QUINCY BIOSCIENCE MANUFACTURING, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST DOCUMENT REQUESTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC (collectively "Defendants") hereby object and respond to plaintiffs The Federal Trade Commission ("FTC") and the People of the State of New York by New York State Attorney General Letitia James ("NYAG") (collectively "Plaintiffs") First Set of Document Requests to Defendants (the "Requests").

## PRELIMINARY STATEMENT

Defendants' responses to the Requests are not intended to waive but, on the contrary, are intended to reserve and do reserve the following rights:

A.     In making the following responses and objections, Defendants reserve the right to amend or supplement these responses in the event that any information is omitted or subsequently identified during the course of Defendants' ongoing discovery efforts.

B.     Defendants are responding to each of the Requests as they interpret and understand that Request.  If Plaintiffs subsequently assert an interpretation of any Request that differs from Defendants' understanding, Defendants reserve the right to supplement their objections and/or responses.

C.     Defendants make their responses solely for the purpose of and in relation to this Action.  Defendants reserve the right to object on any grounds to the introduction into evidence of any information provided in response to the Requests.

D.     Defendants will not provide any privileged information in response to the Requests. If Defendants disclose privileged information in response to the Requests, the disclosure is inadvertent and does not constitute a waiver of any applicable privilege.

E.      The fact that Defendants respond to any of the Requests is not intended to be, nor shall it be construed as, an admission by Defendants of any facts set forth or assumed in the Requests.

F.      The fact that Defendants provide information in response to any of the Requests is not intended to waive, nor shall it be construed as a waiver, of all or part of any objection to that Request.

## GENERAL OBJECTIONS

1.      Defendants generally object to Plaintiffs' Requests to the extent they seek information or documents protected from disclosure by the attorney-client communication privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or exemption from discovery.

2.      Defendants generally object to Plaintiffs' designation of the time period for the Requests as January 1, 2010 to the present.  This time period is overly broad, unduly burdensome and harassing to the extent that it exceeds the relevant statutes of limitations.

3.      Defendants generally object to the definitions set forth in Plaintiffs' Requests to the extent that they are arbitrary and not related to the terms and/or definitions utilized by Defendants in their business, or impose an undue burden on Defendants to interpret the definitions.

4.      Defendants generally object to the definitions set forth in Plaintiffs' Requests to the extent any of them imposes obligations beyond those authorized by the Federal Rules of Civil Procedure, the Local Rules, and/or any order of court applicable to the Action.

5.      Defendants generally object to Plaintiffs' definitions of "Advertisements" or "Advertising" as overly broad, vague, ambiguous, and unduly burdensome.

6.      Defendants generally object to Plaintiffs' definition of "Challenged Products" as overly broad, vague, ambiguous, an unduly burdensome.

7.      Defendants generally object to Plaintiffs' Requests to the extent that they seek documents or information unrelated to the factual contentions regarding any claims or defenses in this case.  Any and all Requests that seek documents or information beyond these specific matters or on dates prior to or after the period in question are not relevant to the Subject Matter of this Action, are not reasonably calculated to lead to the discovery of admissible evidence and are improper.

8.      Defendants generally object to Plaintiffs' Requests to the extent they call for documents or information of a confidential and proprietary nature, or which constitute trade secrets.   To the extent that any such documents containing confidential and proprietary information, or trade secrets, are being produced, they shall be produced only pursuant to the terms of the protective order to be entered by the Court (the "Protective Order").

9.      Defendants generally object to Plaintiffs' Requests to the extent they are vague, overly broad and/or sweeping, disproportionate to the needs of this Action, duplicative, unduly burdensome, oppressive and harassing.

10.      Defendants generally object to Plaintiffs' Request to the extent they are overly broad in that they seek documents already produced to Plaintiffs in response to the FTC's Civil Investigative Demand.

11.      Defendants generally object to Plaintiffs' Requests to the extent they seek information that is more appropriately sought through an interrogatory response.

12.     Defendants generally object to Plaintiffs' Requests to the extent they seek information concerning matters that are publicly available, that are otherwise equally accessible to Plaintiffs, or that have been previously made available to Plaintiffs.

13.     Defendants generally object to the Requests as duplicative and unduly burdensome because they call for the production of documents already in the possession, custody, and control of Plaintiffs.

14.     Defendants generally object to Plaintiffs' Requests to the extent they assume facts which are incorrect, unsupported by evidence or otherwise unsubstantiated.

15.     Defendants generally object to Plaintiffs' Requests to the extent they seek cumulative or duplicative information.

16.     Defendants generally object to Plaintiffs' Requests to the extent they call for documents or information in the possession, custody or control of persons or entities other than Defendants.  Defendants are only responding on their own behalf, and not on behalf of any other entities.

17.     Defendants generally object to Plaintiffs' Requests to the extent that they call for legal conclusions or the application of law to facts that are subject to dispute in this action.

18.     Defendants generally object to Plaintiffs' Requests to the extent that they call upon Defendants to produce "all" or "any" documents or information on the grounds that such demands are overly broad and seek to impose an undue burden upon Defendants.

19.     Defendants generally object to Plaintiffs' Requests to the extent they use language not defined by Plaintiffs' Requests on the grounds that the use of such language places the burden on Defendants to determine at its peril the meaning of such language and whether there exist documents or information responsive thereto.  Defendants object to the extent that the use of

undefined language make Plaintiffs' Requests overly broad, vague, and ambiguous, or unduly burdensome. In addition, Defendants object to the extent that the use of undefined language fails to set forth the category of information sought with reasonable particularity.

20.     Defendants generally object to Plaintiffs' Requests to the extent that they seek the generation, compilation, or creation of documents that are not already in existence or that are not maintained by Defendants in the ordinary course of their business.

21.     Defendants generally object to the definition of "Document" to the extent it purports to require production of material or information that is stored in any personal or non-Defendants' electronic device or e-mail account on the grounds that such materials are not in Defendants' possession, custody or control.

22.     Defendants generally object to Plaintiffs' Requests for "communications" to the extent they purport to require production of material or information created or stored on cell or mobile phones, tablets, Blackberries, PDAs and/or instant messaging devices, or to retain or restore archived or backed up material on the grounds that doing so would impose an undue burden.

23.     The absence of an objection shall not be deemed to be an acknowledgment that any documents responsive to Plaintiffs' Requests exist or that the subject matter of Plaintiffs' Requests is relevant to this Action.

24.     These objections, answers, and responses are based on documents and information currently known to Defendants, after a reasonable search and inquiry. Defendants reserve the right to supplement these objections, answers, and responses if additional documents become known to it.

25.     Discovery and factual investigations are ongoing in this matter. Defendants have not yet ascertained each document supporting its positions and/or defenses in this Action.

Defendants reserve their right to rely upon additional information and documents that may be discovered in connection with the proceeding, including documents that may be provided or produced by Plaintiffs throughout discovery.

26.     These objections and responses are made without waiving or intending to waive, but to the contrary intending to preserve and preserving: (a) any objections as to the competency, relevancy, materiality, privilege or admissibility as evidence, for any purpose, of any documents or information produced in response to the Requests; (b) the right to object on any ground to the use of documents or information produced in response to the Requests at any hearing, trial or other point during this action; (c) the right to object on any ground at any time to a demand for further responses to the Requests; or (d) the right at any time to revise, correct, add to, or supplement or clarify any of the responses or objections contained herein.

27.     Defendants object to Plaintiffs' Requests, definitions, and instructions as unduly burdensome to the extent any such Request, definition or instruction would require Defendants to incur substantial costs, through the identification, collection, restoration, and/or processing of electronic records or otherwise, that are likely to be disproportionate relative to the likely probative value, if any, of the documents or information sought to the claims or defenses asserted in this case; Defendants further reserve the right to have the cost of, inter alia, identifying, collecting, restoring, processing and/or producing any electronically stored information or other records or things shifted to Plaintiffs.

28.     Defendants object to producing electronically stored information or other records or things in response to any Request other than in a format to which Defendants agree and which is reasonable in light of the cost of the particular format weighed against the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action

and the importance of the discovery in resolving the issues; Defendants further reserve the right to have the cost of producing any electronically stored information or other records or items in a particular format shifted to Plaintiffs.

29.     Nothing contained in any response herein shall be deemed to be an admission, concession or waiver by Defendants as to the validity of any claim or defense asserted by Plaintiffs.

## **DEFINITIONS**

The following definitions shall be used throughout these Responses and Objections.

1.     "Action" means the lawsuit captioned *Federal Trade Commission v. Quincy Bioscience Holding Company, Inc., et al*., filed in the United States District Court for the Southern District of New York, Case No. 1:17-cv-00124-LLS.

2.     "Complaint" shall mean the Complaint for Permanent Injunction and Other Equitable Relief filed by Plaintiffs in this Action on or about January 9, 2017 (Dkt. No. 1).

3.     "NYAG" shall mean plaintiff the People of the State of New York, by Letitia James, Attorney General of the State of New York and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

4.     "FDA" shall mean the U.S. Food and Drug Administration and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents, representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

5.     "FTC" shall mean plaintiff United States Federal Trade Commission and any and all of its current and former trustees, fiduciaries, officers, directors, employees, agents,

representatives, predecessors, successors, attorneys, affiliates and assigns, and any of their officers, directors, employees, agents and representatives.

6.      "Quincy" and "Defendants" shall mean Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC, collectively.

7.      "Prevagen" shall mean the Prevagen® brand dietary supplement.

8.      The phrase "Subject Matter of this Action" means the facts and claims alleged in the Complaint and generally any claims or defenses of any party to this Action.

## OBJECTIONS TO INSTRUCTIONS

Defendants object to the Instructions provided with the Requests ("Instructions") on the following grounds:

i.      The Instructions ask Defendants to produce documents in the possession of other Persons including its "attorneys, accountants, agents, affiliates, directors, officers, consultants, employees, independent contractors, bailees, or other representatives of you, and any companies for which you have access to documents or information."  Defendants will only produce documents that are currently in their possession, custody, or control.

ii.      The Instructions ask Defendants to indicate the specific Request pursuant to which it is producing each document it produces in response to the Requests.  Rule 34(b)(2)(E) allows Defendants to alternatively produce documents as they are kept in the usual course of business. Defendants reserve their rights to produce documents as they are kept in the usual course of business rather than identifying the particular Request to which they relate.

iii.      The Instructions ask Defendants to provide multiple metadata fields for electronically stored documents.  Defendants will provide such metadata fields only where they

are included in and can be extracted without undue effort from the documents produced as they are kept in the usual course of business.

## OBJECTIONS AND RESPONSES TO EACH OF THE REQUESTS

### REQUEST NO. 1:

For each Challenged Product, four packages of every formulation manufactured, marketed, offered for sale, sold, or distributed by you, in its original packaging, including but not limited to any product inserts.

### RESPONSE TO REQUEST NO. 1:

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.        This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "every formulation" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.       This Request uses the terms and phrases "manufactured," "marketed," "offered for sale," "sold," "distributed," and "product inserts." These terms and phrases are vague, ambiguous, and undefined.

iii.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will produce examples of Prevagen's packaging located after a reasonable search that are responsive to this Request, are currently in their possession, custody, or control, and are not barred from discovery by any privilege or other protection barring discovery  Defendants will

meet and confer with Plaintiffs to determine the intended scope of this Request and whether any other documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 2:**

> For each Challenged Product, a copy of each different advertisement disseminated to the media, consumers, distributors, retailers, healthcare professionals, or any other person in the United States.

**RESPONSE TO REQUEST NO. 2:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "each different advertisement" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.      This Request uses the terms and phrases "disseminated," "media," "consumers," "distributors," "retailers," and "healthcare professionals." These terms and phrases are vague, ambiguous, and undefined.

iii.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

iv.      This Request seeks documents in the unique possession of Persons other than Defendants. For example, this Request asks Defendants to produce copies of all advertisements for Prevagen. To the extent that Persons other than Defendants, such as non-party retailers,

disseminated any advertisements for Prevagen, such documents, if they exist, may be in the unique possession of those Persons.  Defendants will not provide any information in response to this Request that is not in Defendants' possession, custody, or control.

Subject to and without waiving the foregoing objections and limitations, Defendants will produce exemplar advertising materials for Prevagen products located after a reasonable search that are responsive to this Request, are currently in their possession, custody, or control, and are not barred from discovery by any privilege or other protection barring discovery.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 3:**

> All documents sufficient to show the dissemination schedule for all
> advertisements identified in response to Document Request No. 2.

**RESPONSE TO REQUEST NO. 3:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "[a]ll documents" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.      This Request uses the term "dissemination schedule." This term is vague, ambiguous, and undefined.

iii.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work

12

product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

v.      This Request seeks documents in the unique possession of Persons other than Defendants.  For example, this Request asks Defendants to produce documents sufficient to show "the dissemination schedule for all advertisements."   To the extent that Defendants hired advertising agencies and marketing teams, such documents, if they exist, may be in the unique possession of those Persons.  Defendants will not provide any information in response to this Request that is not in Defendants' possession, custody, or control.

vi.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 4:**

All documents related to the creation or modification of any advertisement disseminated in the United States to the media, consumers, distributors, retailers,

13

healthcare professionals, or any other person for any of the Challenged Products.
Your response should include documents relating to CBS2 Creative Eye,
Avalanche Creative, and any other advertising agency, marketing firm, public
relations agency, infomercial producer or other entity used by you, about themes,
concepts, creative strategies, draft and final scripts, draft and final storyboards,
graphics, images or other components of such advertisements.

## RESPONSE TO REQUEST NO. 4:

In addition to their General Objections, Defendants object to this Request on the following

grounds:

i.      This Request is overly broad, unduly burdensome, seeks documents that are not

relevant to the claims and defenses in the Action and not proportional to the needs of the case.

This Request for "[a]ll documents" is overly broad and burdensome because it seeks documents

unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses

asserted in the Action.

ii.     This Request uses the phrase "creation or modification of any advertisement

disseminated in the United States to the media, consumers, distributors, retailers, healthcare

professionals." This phrase is vague, ambiguous, and undefined.

iii.    This Request uses the phrases "advertising agency," "marketing firm," "public

relations agency, infomercial producer." These phrases are vague, ambiguous, and undefined.

iv.     This Request uses the terms and phrases "themes," "concepts," "creative

strategies," "draft and final scripts," "draft and final storyboards," "graphics," "images" and "other

components of such advertisements." These terms and phrases are vague, ambiguous, and

undefined.

v.      This Request seeks documents that are not discoverable under the Federal Rules of

Civil Procedure because they are protected by the attorney-client privilege and the attorney work

product doctrine.   Defendants rely on the advice of counsel in relation to the advertising,

marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

    vi.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

    vii.      This Request seeks documents in the unique possession of Persons other than Defendants.  For example, this Request asks Defendants to produce documents sufficient to show "creation or modification of any advertisement."   To the extent that Defendants hired advertising agencies and marketing teams, such documents, if they exist, may be in the unique possession of those Persons.  Defendants will not provide any information in response to this Request that is not in Defendant's possession, custody, or control.

    viii.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 5:**

> All documents sufficient to show the amount spent by Defendants on research and development and other science-related expenses for the Challenged Products for each year to date. If Defendants maintain financial data on a fiscal year basis that

differs from the calendar year, provide the requested data according to those fiscal years and specify the dates of each fiscal year.

**RESPONSE TO REQUEST NO. 5:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.        This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "[a]ll documents" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.       This Request uses the phrase "research and development and other science-related expenses." This phrase is vague, ambiguous, and undefined.

iii.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

v.       This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

16

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 6:**

> All marketing or consumer research relating to the Challenged Products, including but not limited to all marketing or consumer research relating to target audience, consumer perceptions, preferences, attitudes, understanding, and beliefs of any advertisement.

**RESPONSE TO REQUEST NO. 6:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "[a]ll marketing or consumer research" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.     This Request uses the terms and phrases "marketing or consumer research relating to target audience, consumer perceptions, preferences, attitudes, understanding, and beliefs of any advertisement." These terms and phrases are vague, ambiguous, and undefined.

iii.    This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and

other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

v.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 7:**

All documents used by Defendants to communicate with and recruit healthcare professionals to sell the Challenged Products, including but not limited to any talking points, messaging, scripts, letters or emails.

**RESPONSE TO REQUEST NO. 7:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "[a]ll documents" is overly broad and burdensome because it seeks documents

unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

     ii.      This Request uses the terms and phrases "talking points," "messaging," and "scripts." These terms are vague, ambiguous, and undefined.

     iii.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

     iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

     v.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 8:**

Regardless of time period, all documents, including but not limited to tests, reports, studies, surveys, scientific literature, and written opinions, upon which

19

Defendants relied to substantiate each of the following claims in advertisements for the Challenged Products, regardless of whether they believe these claims are made in any advertisements:

    a.  Prevagen improves memory;
    b.  Prevagen improves memory within 90 days;
    c.  Prevagen reduces memory problems associated with aging;
    d.  Prevagen provides other cognitive benefits, including but not limited to healthy brain function, a sharper mind, and clearer thinking;
    e.  Prevagen is the number one pharmacist recommended memory support brand; and
    f.  Prevagen is the number one selling memory supplement.

**RESPONSE TO REQUEST NO. 8:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.    This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "all documents" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.    This Request uses the terms and phrases "tests," "reports," "studies," "surveys," "scientific literature," and "written opinions." These terms and phrases are vague, ambiguous, and undefined.

iii.    This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not

produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

v.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 9:**

Regardless of time period, any other documents, including but not limited to tests, reports, studies, surveys, scientific literature, and written opinions related to memory or other cognitive benefits of apoaequorin or the Challenged Products.

**RESPONSE TO REQUEST NO. 9:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "any other documents" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

21

ii.      This Request uses the terms and phrases "tests," "reports," "studies," "surveys," "scientific literature," and "written opinions." These terms and phrases are vague, ambiguous, and undefined.

iii.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

v.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 10:**

All consumer comments, inquiries, complaints, or requests for refunds relating to the safety, efficacy, side effects, or quality of the Challenged Products, and any responses provided by Defendants.

**RESPONSE TO REQUEST NO. 10:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.       This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "[a]ll consumer comments, inquiries, complaints, or requests" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.      This Request uses the terms and phrases "consumer comments," "inquiries," "complaints," "requests for refunds," "safety, efficacy, side effects, or quality." These terms and phrases are vague, ambiguous, and undefined.

iii.     This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

iv.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 11:**

Regardless of time period, for the Madison Memory Study:

    a.   All documents related to the design, protocol, and recruitment of subjects, including but not limited to any documents evidencing any inclusion or exclusion criteria for participation in the study, whether related to subjects' AD-8 scores or otherwise.

    b.   All reports, articles, write-ups, posters, presentations, or other accounts of the results, and drafts of such documents reviewed by Defendants or any other individual or entity;

    c.   All documents relating to randomization; instructions, including but not limited to oral instructions to participants; subject compliance; or dropout rates;

    d.   All final versions of each of the test instruments used;

    e.   All draft or final versions, including but not limited to any amendments, of statistical analysis plans, clinical agreements, reports, manuscripts, presentations, abstracts, or meeting notes or minutes prepared by Defendants or any other individual or entity;

    f.   All documents relating to any statistical analysis of any data, including but not limited to any pretest analysis, intent-to-treat analysis, within-group or between-group analysis, subgroup analysis, post-hoc analysis, or seemingly unrelated regressions (SUR) analysis performed by Defendants or any other individual or entity;

    g.   All draft, interim, or final data summaries, whether in chart, table, or any other form, including but not limited to baseline and outcome measurements for all enrolled subjects;

    h.   All raw data collected from enrolled participants, including but not limited to any participants who did not complete the Madison Memory Study; source documents for such data; and any case report forms;

    i.   All documents relating to collection and coding of the results of all tests administered on each subject;

    j.   All research notes kept by any employee of Defendants or any other person who worked on the Madison Memory Study, including but not limited to notes kept by Taylor Gabourie;

    k.   All other documents related to the Madison Memory Study stored in any locked research folder maintained by Defendants, including but not limited to documents stored in such folder by Taylor Gabourie; and

    l.   All other documents not explicitly referenced herein that were used by Defendants or any other entity or individual, including but not limited to Georgetown Economic Services and Howard Beales, Ph.D., to analyze or present the results of the Madison Memory Study.

**RESPONSE TO REQUEST NO. 11:**

      In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "[a]ll documents," "[a]ll reports, articles, write-ups, posters, presentations, or other accounts," "[a]ll final versions," "[a]ll draft or final versions," "[a]ll draft, interim, or final data summaries," "[a]ll raw data," and "[a]ll research notes" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.     This Request uses the phrases "design, protocol, and recruitment of subjects." These phrases are vague, ambiguous, and undefined.

iii.    This Request uses the terms and phrases "randomization; instructions, including but not limited to oral instructions to participants; subject compliance; or dropout rates." These terms and phrases are vague, ambiguous, and undefined.

iv.     This Request uses the phrase "test instruments." This phrase is vague, ambiguous, and undefined.

v.      This Request uses the terms and phrases "statistical analysis plans, clinical agreements, reports, manuscripts, presentations, abstracts, or meeting notes or minutes." These terms and phrases are vague, ambiguous, and undefined.

vi.     This Request uses the phrases "pretest analysis, intent-to-treat analysis, within-group or between-group analysis, subgroup analysis, post-hoc analysis, or seemingly unrelated regressions (SUR) analysis." These phrases are vague, ambiguous, and undefined.

vii.    This Request uses the phrase "locked research folder." This phrase is vague, ambiguous, and undefined.

viii.     This Request seeks the personal identifying information of Persons other than Defendants.  To the extent that Defendant possesses such information, it is held in confidence for the Persons to whom it relates.  Defendant will not produce any documents reflecting such personal identifying information.

ix.     This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

x.     This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

xi.     This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

xii.     This Request seeks documents in the unique possession of Persons other than Defendants.  As just one example, this Request asks Defendants to produce "reports, articles, write-ups, posters, [and] presentations" reviewed individuals or entities other than Defendants. Defendants will not provide any information in response to this Request that is not in Defendants' possession, custody, or control.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 12:**

Regardless of time period, for any studies related to apoaequorin's purported mechanism of action, digestion of apoaequorin, or the ability of apoaequorin to reach the brain, including but not limited to the unpublished report titled, "Assessment of the Stability of the Apoaequorin Protein in Pepsin at pH 1.2 and 2.0," and the Customs Biologics unpublished reports titled, "Quantification of Apoaequorin from Dog CSF and Plasma Samples" and "Development of an Enzyme-Linked Immunosorbent Assay (ELISA) and Electrochemiluminescent (ECL)-based Assay for the Quantification of Apoaequorin in Biological Matrices":

    a.  All documents related to the design and protocol of the study;
    b.  All reports, articles, write-ups, posters, presentations, or other accounts of the results of the study, and drafts of such documents reviewed by Defendants or any other individual or entity;
    c.  All draft or final versions, including but not limited to any amendments, of statistical analysis plans, reports, manuscripts, presentations, abstracts, or meeting notes or minutes;
    d.  All draft, interim, or final data summaries, whether in chart, table, or any other form; and
    e.  All other documents not explicitly referenced herein that were used by Defendants or any other individual or entity to obtain, convey, or analyze data or conclusions, or otherwise provide guidance regarding the execution of the study.

**RESPONSE TO REQUEST NO. 12:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.    This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case.

This Request for "[a]ll documents," "[a]ll reports, articles, write-ups, posters, presentations or other accounts," "[a]ll draft or final versions," "[a]ll draft, interim, or final data summaries," and "[a]ll other documents" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.      This Request uses the terms "design and protocol."   These terms are vague, ambiguous, and undefined.

iii.      This Request uses the terms and phrases "statistical analysis plans, reports, manuscripts, presentations, abstracts, or meeting notes or minutes." These terms and phrases are vague, ambiguous, and undefined.

iv.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.   Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

v.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

vi.      This Request is overbroad and unduly burdensome because it is not limited to a reasonable time period.

vii.     This Request seeks documents in the unique possession of Persons other than Defendants.  As just one example, this Request asks Defendants to produce "reports, articles, write-ups, posters, [and] presentations" reviewed individuals or entities other than Defendants. Defendants will not provide any information in response to this Request that is not in Defendants' possession, custody, or control.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 13:**

All documents relating to the safety or efficacy of apoaequorin or the Challenged Products, including but not limited to communications with consultants, medical professionals, researchers, or universities, including but not limited to the following individuals and entities:

     a.   Georgetown Economics Services, including but not limited to Janet Liang, Ph.D. and Robert N. Fenili, Ph.D.;
     b.   George Washington University, including but not limited to Howard Beales, Ph.D.;
     c.   University of Wisconsin, including but not limited to James R. Moyer, Jr., Ph.D.;
     d.   University of Nebraska-Lincoln, including but not limited to Richard E. Goodman, Ph.D. and Afua Ofori-Antil;
     e.   University of Toronto, including but not limited to Paul Pencharz, M.B., Ch.B, Ph.D., FRCP(C);
     f.   Custom Biologics;
     g.   CogState, Ltd.;
     h.   CanCog Technologies; and
     i.   CalciGenix, LLC.

**RESPONSE TO REQUEST NO. 13:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.        This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This Request for "[a]ll documents" is overly broad and burdensome because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.       This Request uses the terms "safety" and "efficacy." These terms are vague, ambiguous, and undefined.  This Request uses the terms and phrases "consultants," "medical professionals," "researchers," and "universities." These terms and phrases are vague, ambiguous, and undefined.

iii.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

v.       This Request seeks documents in the unique possession of Persons other than Defendants including, but not limited to, the purported "consultants, medical professionals,

researchers, or universities" identified in this Request.  Defendants will not provide any

information in response to this Request that is not in Defendants' possession, custody, or control.

Subject to and without waiving the forgoing objections, Defendants respond that they will

meet and confer with Plaintiffs to determine the intended scope of this Request and whether any

of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or

supplement their response to this Request.

**REQUEST NO. 14:**

> All documents related to the submission, acceptance, or rejection of any poster or
> manuscript for publication, including but not limited to peer review comments
> and responses, for any studies, tests, statistical analyses, or experiments of the
> Challenged Products, including the Madison Memory Study.

**RESPONSE TO REQUEST NO. 14:**

In addition to their General Objections, Defendants object to this Request on the following

grounds:

i.        This Request is overly broad, unduly burdensome, and seeks documents that are

not relevant to the claims and defenses in the Action and not proportional to the needs of the case.

This Request for "[a]ll documents" is overly broad and burdensome because it seeks documents

unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses

asserted in the Action.

ii.       This Request uses the phrase "submission, acceptance, or rejection." This phrase is

vague, ambiguous, and undefined.

iii.      This Request uses the phrase "poster or manuscript for publication, including but

not limited to peer review comments and responses, for any studies, tests, statistical analyses, or

experiments." This phrase is vague, ambiguous, and undefined.

iv.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.   Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

v.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

vi.      This Request seeks documents in the unique possession of Persons other than Defendants.  Defendants will not provide any information in response to this Request that is not in Defendants' possession, custody, or control.

Subject to and without waiving the forgoing objections, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 15:**

All responses to propounded Requests for Admissions and Interrogatories, and supplements and amendments thereto, in any litigation involving Defendants, including but not limited to *Racies v. Quincy Bioscience, LLC*, 3:15-CV-292 (N.D. Cal.), involving product claims, advertising, or substantiation for apoaequorin or the Challenged Products.

**RESPONSE TO REQUEST NO. 15:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.        This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll responses" is overly broad and burdensome.  This Request seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.        This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

iii.        This Request seeks documents or information of a confidential and proprietary nature that may be subject to the protective orders entered in the litigations in which the documents were provided.  Accordingly any such information will be provided only as permitted under said protective orders.

iv.        This Request seeks responses to Interrogatories or Requests for Admission in litigations other than this Action that were prepared solely for the purposes of that other litigation.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 16:**

All expert reports submitted by any party in any litigation involving Defendants, including but not limited to *Racies v. Quincy Bioscience, LLC*, 3:15-CV-292 (N.D. Cal.), relating to any studies, tests, statistical analyses, or experiments on apoaequorin or the Challenged Products.

**RESPONSE TO REQUEST NO. 16:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.     This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll expert reports" is overly broad and burdensome. This Request seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.     This Request seeks documents or information of a confidential and proprietary nature. Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

iii.     This Request seeks documents or information of a confidential and proprietary nature that may be subject to the protective orders entered in the litigations in which the documents were provided. Accordingly any such information will be provided only as permitted under said protective orders.

iv.     This Request seeks expert reports that were prepared solely for the purposes of the litigation in which they were provided.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

34

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 17:**

All depositions or other sworn testimony, including but not limited to depositions or sworn testimony of expert witnesses, fact witnesses, and Defendants' current and former employees, in any litigation involving Defendants, including but not limited to *Racies v. Quincy Bioscience, LLC*, 3:15-CV-292 (N.D. Cal.), relating to product claims, advertising, or substantiation for apoaequorin or the Challenged Products.

**RESPONSE TO REQUEST NO. 17:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll depositions or other sworn testimony" is overly broad and burdensome. This Request seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.     This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine. Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products. Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iii.     This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

iv.     This Request seeks testimony containing information of a confidential and proprietary nature that may be subject to the protective orders entered in the litigations in which the testimony was provided.  Accordingly any such testimony will be provided only as permitted under said protective orders.

v.     This Request seeks testimony that was provided solely for the purposes of the litigation in which it was provided.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 18:**

All documents which you contend are relevant to your defense of the allegations
in the Plaintiffs' complaint in this matter.

**RESPONSE TO REQUEST NO. 18:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.     This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll documents" is overly broad and burdensome.  This Request seeks documents

36

unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.   Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iii.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will produce documents located after a reasonable search that are responsive to this Request, are currently in its possession, custody, or control, and are not barred from discovery by any privilege or other protection barring discovery.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 19:**

All documents which any potential fact witness has provided or made available to you in your defense of the allegations in the Plaintiffs' complaint in this matter.

**RESPONSE TO REQUEST NO. 19:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.        This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll documents" is overly broad and burdensome.  This Request seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.        This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iii.        This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will produce documents located after a reasonable search that are responsive to this Request, are currently in its possession, custody, or control, and are not barred from discovery by any privilege or other protection barring discovery.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 20:**

All documents memorializing, setting out, or modifying the relationship between the Corporate Defendants and officers, including but not limited to ownership,

38

compensation agreements, and descriptions of management or other responsibilities.

**RESPONSE TO REQUEST NO. 20:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.        This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll documents" is overly broad and burdensome.  This Request seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.        This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iii.        This Request uses the phrase "descriptions of management or other responsibilities." This phrase is vague, ambiguous, and undefined.

iv.        This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

v.        This Request seeks the personal identifying information of Persons other than Defendants.  To the extent that Defendant possesses such information, it is held in confidence for

39

the Persons to whom it relates.  Defendant will not produce any documents reflecting such personal identifying information.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will produce documents sufficient to show the corporate structure of Defendants located after a reasonable search that are responsive to this Request, are currently in its possession, custody, or control, and are not barred from discovery by any privilege or other protection barring discovery.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 21:**

> Documents sufficient to show all payments, consideration, or benefit provided, promised, or owed to Mark Underwood for his benefit or on his behalf, including but not limited to as payment or reimbursement for any expense.

**RESPONSE TO REQUEST NO. 21:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.        This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "documents sufficient to show all payments, consideration, or benefit provided, promised" is overly broad and burdensome.  This Request seeks documents unrelated to the advertising claims at issue in this Action and are irrelevant to the claims and defenses asserted in the Action.

ii.        This Request uses the phrases "for his benefit" and "payment or reimbursement." These phrases are vague, ambiguous, and undefined.

40

iii.      This Request seeks the personal identifying information of Persons other than Defendants.  To the extent that Defendant possesses such information, it is held in confidence for the Persons to whom it relates.  Defendant will not produce any documents reflecting such personal identifying information.

iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 22:**

All communications to, from, or including Mark Underwood relating to advertising of or substantiation for claims made with respect to the Challenged Products.

**RESPONSE TO REQUEST NO. 22:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll communications" is overly broad and burdensome.  This Request seeks

documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.     This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.   Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.   Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iii.     This Request seeks documents or information of a confidential and proprietary nature.   Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 23:**

All communications to, from, or including Michael Beaman relating to advertising of or substantiation for claims made with respect to the Challenged Products.

**RESPONSE TO REQUEST NO. 23:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.          This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll communications" is overly broad and burdensome.  This Request seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.          This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iii.          This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 24:**

All documents relating to the Company's corporate structure, including but not limited to organization charts, personnel directories, and description of responsibilities.

**RESPONSE TO REQUEST NO. 24:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.      This Request is overly broad, unduly burdensome, and seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case. This phrase "[a]ll documents" is overly broad and burdensome.  This Request seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.      This Request is duplicative of Request No. 20.

iii.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iv.      This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

Subject to and without waiving the foregoing objections and limitations, Defendants refer to their response to Request No. 20.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

**REQUEST NO. 25:**

> All documents relating to any submissions to or communications with the U.S. Food and Drug Administration about any product containing apoaequorin, including but not limited to the Challenged Products. Your response should include any documents related to the following: notifications or petitions submitted to FDA relating to product packaging, ingredients, or claims; submissions and communications related to the "Generally Recognized as Safe" (GRAS) status of apoaequorin or other product ingredients; any adverse event reports or other safety-related communications; any warning letters or other untitled letters issued to you by FDA; and any notes of meetings between Defendants and FDA.

**RESPONSE TO REQUEST NO. 25:**

In addition to their General Objections, Defendants object to this Request on the following grounds:

i.       This Request is overly broad, unduly burdensome, seeks documents that are not relevant to the claims and defenses in the Action and not proportional to the needs of the case.  The Request for "[a]ll documents" is overly broad because it seeks documents unrelated to the advertising claims at issue in this Action and irrelevant to the claims and defenses asserted in the Action.

ii.      This Request seeks documents that are not discoverable under the Federal Rules of Civil Procedure because they are protected by the attorney-client privilege and the attorney work product doctrine.  Defendants rely on the advice of counsel in relation to the advertising, marketing, and sale of its products and has relied on the advice of counsel in litigating this and other actions related to the advertising, marketing, and sale of its products.  Defendants will not

produce any documents that in any way relate to or disclose its communications with counsel or its counsel's litigation strategy.

iii.        This Request seeks documents or information of a confidential and proprietary nature.  Accordingly any such information will be provided only pursuant to the terms of the Protective Order to be entered by the Court.

iv.        This Request seeks documents in the unique possession of Persons other than Defendant.  For example, this Request asks Defendant to produce documents related to "communications with the U.S. Food and Drug Administration."  To the extent that Defendants have communicated with the FDA, such documents "related to" those communications, if they exist, may be in the unique possession of FDA.  Defendants will not provide any information in response to this Request that is not in Defendant's possession, custody, or control.

Subject to and without waiving the foregoing objections and limitations, Defendants respond that they will meet and confer with Plaintiffs to determine the intended scope of this Request and whether any of the documents responsive to this Request are relevant to the Subject Matter of this Action.

Discovery in this matter is ongoing and Defendants reserve the right to modify or supplement their response to this Request.

Dated: New York, New York
        October 21, 2019

                                KELLEY DRYE & WARREN LLP

                        By:  */s/ Geoffrey W. Castello*
                             John E. Villafranco (admitted *pro hac vice*)
                             Geoffrey W. Castello
                             Jaclyn M. Metzinger
                             Glenn T. Graham
                             101 Park Avenue
                             New York, New York 10178

46

Tel: (212) 808-7800
Fax: (212) 808-7897
jvillafranco@kelleydrye.com
gcastello@kelleydrye.com
jmetzinger@kelleydrye.com
ggraham@kelleydrye.com

*Counsel for Defendants Quincy Bioscience*
*Holding Company, Inc., Quincy Bioscience,*
*LLC, Prevagen, Inc. d/b/a Sugar River*
*Supplements, and Quincy Bioscience*
*Manufacturing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2019, I caused the foregoing Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC's Responses and Objections to Plaintiff's First Requests for Production of Documents by email upon the following parties and participants:

Michelle Rusk
Annette Soberats
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, D.C. 20580
mrusk@ftc.gov
asoberats@ftc.gov

Kate Matuschak
Office of the New York State Attorney General
28 Liberty Street
New York, N.Y. 10005
kate.matuschak@ag.ny.gov

Michael de Leeuw
Tamar Wise
Matthew Elkin
Cozen O'Connor
45 Broadway
New York, NY 10006
mdeleeuw@cozen.com
twise@cozen.com
melkin@cozen.com

John B. Kelly
Bryan Mosca
Cozen O'Connor
1200 19th Street, NW
Washington, D.C. 20036
jbkelly@cozen.com
bmosca@cozen.com

*/s/ Glenn Graham*
Glenn Graham

48